UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Glenn Feagan, *et al*.,

    Plaintiffs,

v.

The Office of the Ohio Disciplinary
Counsel for the Supreme Court
of the State of Ohio, *et al*.,

    Defendants.

Case No.  1:21cv399

Judge Michael R. Barrett

## **OPINION & ORDER**

This matter is before the Court upon Plaintiffs' Motion for Reconsideration of the Court's Opinion & Order (Doc. #14), Entered March 22, 2022.  (Doc.  15).  Defendants filed a Response in Opposition (Doc. 18) and Plaintiffs filed a Reply (Doc. 22).

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion to amend judgment under Rule 59(e).  *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991).  There are three grounds for amending a judgment under Rule 59: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Leisure Caviar, LLC v. United States Fish & Wildlife Serv*., 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)).  However, a motion made under Rule 59(e) is not an opportunity to reargue a case.  *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (citation omitted).  The court should use its "informed discretion" in deciding whether to grant or deny a Rule 59(e) motion.  *Huff v. Metro. Life Ins. Co*., 675 F.2d 119, 122 (6th Cir. 1982).

For the sake of brevity, the Court will not repeat the factual background of this case, which can be found in the Court's previous Opinion and Order. (Doc. 14). Generally, this case arises out of federal lawsuits Plaintiffs have filed against the Ohio Supreme Court and former Chief Justice Maureen O'Connor. In these lawsuits, Plaintiffs claim bias, discrimination and unfair treatment in the medical malpractice litigation they have filed in Ohio courts on behalf of former patients of Abubakar Atiq Durrani, M.D. and his practice group, Center for Advanced Spine Technologies, Inc. ("CAST"). Plaintiffs allege that Defendants have retaliated against them for filing these federal actions by subjecting them to disciplinary investigations. Plaintiffs explain that bar complaints have been filed against counsel representing Durrani and CAST, but those complaints have been effectively stayed until the conclusion of the medical malpractice cases.

Defendants moved to dismiss Plaintiffs' claims pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). This Court found that *Younger* abstention was appropriate and ruled that one of the exceptions to the *Younger* doctrine—bad faith and harassment—did not apply. This Court stayed this case until the conclusion of the state disciplinary proceedings.

In their Motion for Reconsideration, Plaintiffs maintain that this Court failed to recognize the clear pattern of selective prosecution or investigation of alleged ethical violations against Plaintiffs. However, while Plaintiffs have submitted a new affidavit (Doc. 15-3), it does not contain any newly discovered evidence which would serve as a basis for amending a judgment under Rule 59. *Accord DeLong v. Arms*, 251 F.R.D. 253, 257 (E.D. Ky. 2008) (citing *GenCorp, Inc. v. American Intern. Underwriters*, 178 F.3d 804, 834 (6th Cir.1999) ("Newly discovered evidence is evidence that previously was unavailable.").

2

Based on the foregoing, Plaintiffs' Motion for Reconsideration of the Court's Opinion & Order (Doc. #14), Entered March 22, 2022 (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

                                                */s/ Michael R. Barrett*
                                         JUDGE MICHAEL R. BARRETT